IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| National Council of Nonprofits, *et al.*, | ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) Civil Action No. 1:25-cv-239 ) |
| Office of Management and Budget, *et al.*, | ) ) ) |
| Defendants. | ) ) ) |

**DEFENDANTS' NOTICE REGARDING PLAINTIFFS' MOTION FOR TEMPORARY RESTRAINING ORDER**

Plaintiffs in the above-captioned action have requested that this Court enter a sweeping temporary restraining order, interfering with the Office of Management and Budget's (OMB's) instructions to agencies on how to faithfully implement the President's agenda. Moreover, Plaintiffs request that the Court enter this relief in a matter of hours—without any meaningful opportunity for Defendants or the Court to consider and address the relevant issues. And Plaintiffs make this request without any particularized showing that immediate relief is necessary—*i.e.*, that a temporary restraining order is necessary to avoid irreparable harm that would occur in the short time needed to adjudicate their request for emergency relief on a reasonable timeline.

Plaintiffs in this case challenge a Memorandum issued by OMB, directing that "to the extent permissible under applicable law, Federal agencies must temporarily pause" certain federal financial assistance.  OMB Mem. 25-13, *Temporary Pause of Agency Grant, Loan, and Other Financial Assistance Programs* (Jan. 27, 2025) at 2.  On January 28, 2025, OMB issued further guidance about the scope of that temporary pause, confirming that "the pause does not apply across-the-board" and implicates only those programs subject to certain Executive Orders.  *See*

1

Guidance (attached hereto) at 1 ("Any program not implicated by the President's Executive Orders is not subject to the pause."). Undersigned counsel e-mailed a copy of this Guidance to Plaintiffs' counsel at approximately 1:31 p.m. ET on January 28, 2025.

Particularly in light of this Guidance, Plaintiffs have not established the need for immediate relief within the next several hours. Based on the current record, they have not shown which (if any) of their identified grant programs may even be affected by the pause. Moreover, even if a particular grant program involving Plaintiffs is paused, Plaintiffs have not established that they otherwise would expect to receive payments under that grant program within the next several days or even weeks—which is the only timeframe relevant to Plaintiffs' request for a temporary restraining order that would last, at most, 14 days subject to renewal. *See* Fed. R. Civ. P. 65(b)(2). Nor have Plaintiff established that any temporary delay in such payments, for the short time needed to litigate their motion on a reasonable timeframe, would cause catastrophic harms requiring earlier action.

Thus, Defendants respectfully submit that these proceedings should unfold on a reasonable timeline, allowing for due consideration of Plaintiffs' claims and their request for expansive relief. Defendants respectfully submit that they be afforded at least until 5:00 p.m. on Thursday, January 30, 2025, to file a written opposition to Plaintiffs' motion, at which point Defendants would be available on Friday, January 31, 2025 (or any date thereafter) for a hearing on Plaintiffs' motion.

Dated: January 28, 2025

Respectfully Submitted,

BRETT A. SHUMATE
Acting Assistant Attorney General

ERIC J. HAMILTON
Deputy Assistant Attorney General

ALEXANDER K. HAAS
Director

*/s/   Daniel Schwei*
DANIEL SCHWEI
Special Counsel (N.Y. Bar)
United States Department of Justice
Civil Division, Federal Programs Branch
1100 L Street NW
Washington, DC 20530
Tel.:      (202) 305-8693
Fax:      (202) 616-8470
Email:    daniel.s.schwei@usdoj.gov

*Counsel for Defendants*