UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| NATIONAL COUNCIL OF NONPROFITS, *et al.*,<br><br>*Plaintiffs*,<br><br>v.<br><br>OFFICE OF MANAGEMENT AND BUDGET, *et al.*,<br><br>*Defendants*. | Civil Action No. 25-239 (LLA) |

## ORDER

On January 27, 2025, Matthew J. Vaeth, Acting Director of the Office of Management and Budget ("OMB"), issued a memorandum ("M-25-13") directing federal agencies to "complete a comprehensive analysis of all of their Federal financial assistance programs to identify programs, projects, and activities that may be implicated by any of the President's executive orders." ECF No. 1 ¶ 15. The memorandum further required agencies to "temporarily pause all activities related to [the] obligation or disbursement of all Federal financial assistance, and other relevant agency acti[vities] that may be implicated by the executive orders, including, but not limited to, financial assistance for foreign aid, nongovernmental organizations, DEI, woke gender ideology, and the green new deal." *Id.* ¶ 16 (emphasis omitted); Off. of Mgmt. & Budget, Exec. Off. of the President, *Temporary Pause of Agency Grant, Loan, and Other Financial Assistance Programs* (Jan. 27, 2025), https://perma.cc/69QB-VFG8.

The memorandum defines "Federal financial assistance" as: "(i) all forms of assistance listed in paragraphs (1) and (2) of the definition of this term at 2 [C.F.R. §] 200.1; and (ii) assistance

received or administered by recipients or subrecipients of any type except for assistance received directly by individuals." *Id.* ¶ 17. This includes all federal assistance in the form of grants, loans, loan guarantees, and insurance. *Id.* ¶ 18; *see* 2 C.F.R. § 200.1. As relevant executive orders, it lists:

- *Protecting the American People Against Invasion* (Jan. 20, 2025);
- *Reevaluating and Realigning United States Foreign Aid* (Jan. 20, 2025);
- *Putting America First in International Environmental Agreements* (Jan. 20, 2025);
- *Unleashing American Energy* (Jan. 20, 2025);
- *Ending Radical and Wasteful Government DEI Programs and Preferencing* (Jan. 20, 2025);
- *Defending Women from Gender Ideology Extremism and Restoring Biological Truth to the Federal Government* (Jan. 20, 2025); and
- *Enforcing the Hyde Amendment* (Jan. 24, 2025).

*Temporary Pause of Agency Grant, Loan, and Other Financial Assistance Programs*, at 1-2.

OMB's "temporary pause" was set to take effect on January 28, 2025, at 5:00 p.m. ECF No. 1 ¶ 21. The same day, several coalitions of nonprofit organizations brought this action against OMB and Acting Director Vaeth arguing that OMB's action violates the Administrative Procedure Act ("APA"), 5 U.S.C. § 701 *et seq.* ECF No. 1. Plaintiffs allege that the implicated federal grants and funding "are the lifeblood of operations and programs for many . . . nonprofits, and even a short pause in funding . . . could deprive people and communities of their life-saving services." *Id.* ¶ 32. They argue that Defendants' action was arbitrary and capricious, violates the First Amendment of the United States Constitution, and exceeded OMB's statutory authority. *Id.* ¶¶ 43-61.

Along with their complaint, Plaintiffs sought a temporary restraining order "barring the OMB and all of its officers, employees, and agents from taking any steps to implement, apply, or enforce Memo M-25-13." ECF No. 5, at 18. Defendants entered an appearance, ECF No. 9, and

the court held an emergency hearing to discern the parties' positions with respect to the issuance of a brief administrative stay pending the resolution of Plaintiffs' request for a temporary restraining order, Minute Order (D.D.C. Jan. 28, 2025).

The purpose of a temporary restraining order or a preliminary injunction is to preserve the status quo while the court considers the merits of the case. *M.G.U. v. Nielsen*, 316 F. Supp. 3d 518, 520 (D.D.C. 2018) (temporary restraining order); *Chaplaincy of Full Gospel Churches v. England*, 454 F.3d 290, 297 (D.C. Cir. 2006) (preliminary injunction). "The status quo is the last *uncontested* status which preceded the pending controversy." *Huisha-Huisha v. Mayorkas*, 27 F.4th 718, 733 (D.C. Cir. 2022) (citing *Dist. 50, United Mine Workers of Am. v. Int'l Union, United Mine Workers of Am.*, 412 F.2d 165, 168 (D.C. Cir. 1969)). To secure a temporary restraining order, "the moving party must show (1) a substantial likelihood of success on the merits, (2) that it would suffer irreparable injury if the injunction were not granted, (3) that an injunction would not substantially injure other interested parties, and (4) that the public interest would be furthered by the injunction." *England*, 454 F.3d at 297; *Council on Am.-Islamic Rels. v. Gaubatz*, 667 F. Supp. 2d 67, 74 (D.D.C. 2009) (temporary restraining order).[1] Given the weighty legal issues in this case, and to properly evaluate the merits of Plaintiffs' motion, the court will require full briefing from the parties and a motions hearing.

While the court awaits full briefing and argument, it may issue a brief "administrative stay." *United States v. Texas*, 144 S. Ct. 797, 798 (2024) (Barrett, J., concurring). An administrative stay "buys the court time to deliberate" when issues are not "easy to evaluate in haste." *Id.* An

---

[1] Additionally, the APA permits a court to stay administrative action when necessary "to preserve status or rights pending conclusion of the review proceedings." 5 U.S.C. § 705. The considerations for a stay under Section 705 mirror those for a temporary restraining order. *Texas v. Biden*, 646 F. Supp. 3d 753, 771 (N.D. Tex. 2022).

"[a]dministrative stay[] do[es] not typically reflect the court's consideration of the merits," but instead "reflects a first-blush judgment about the relative consequences" of the case. *Id.* Such a stay "freeze[s] legal proceedings until the court can rule on a party's request for expedited relief." *Id.* (quoting Rachel Bayefsky, Administrative Stays: Power and Procedure, 97 Notre Dame L. Rev. 1941, 1942 (2022)). While administrative stays are more common in appellate courts, district courts have recognized their applicability in cases seeking emergency relief under the APA. *See* Order, *Texas v. Dep't of Homeland Sec.*, No. 24-CV-306 (E.D. Tex. Aug. 26, 2024); *Chef Time 1520 LLC v. Small Bus. Admin.*, No. 22-CV-3587 (D.D.C. Dec. 1, 2022). As these courts have recognized, "[t]he authority for an administrative stay arises from the All Writs Act and a court's inherent authority to manage its docket." Order, *Texas*, No. 24-CV-306, at 2.

However, because an administrative stay in this case blocks executive action—a consideration that is not to be taken lightly—the court will limit its duration to only the few days it will take for expedited briefing and a hearing. It will further limit the scope of the administrative stay to OMB's direction that agencies "pause . . . disbursement of Federal funds under all open awards," so that it is tailored to Plaintiffs' concern that a lapse in existing federal funding will cause irreparable injuries to recipients and their programs. *See* ECF No. 1 ¶¶ 31-42; *see Temporary Pause of Agency Grant, Loan, and Other Financial Assistance Programs*, at 2. In this way, the administrative stay does not affect OMB's memorandum as it pertains to "issuance of new awards" or "other relevant agency actions that may be implicated by the executive orders." *Temporary Pause of Agency Grant, Loan, and Other Financial Assistance Programs*, at 2.

Accordingly, to maintain the status quo until the court may rule on Plaintiffs' motion, it is hereby **ORDERED** that an **ADMINISTRATIVE STAY** is entered in this case until **5:00 p.m. at February 3, 2025**. During the pendency of the stay, Defendants shall refrain from implementing

4

OMB Memorandum M-25-13 with respect to the disbursement of Federal funds under all open awards.

It is further **ORDERED** that Defendants shall respond to Plaintiffs' request for a temporary restraining order by **5:00 p.m. on January 30, 2025**, and Plaintiffs shall file a reply, if any, by **5:00 p.m. on January 31, 2025**.

It is further **ORDERED** that the parties shall convene for a hearing on Plaintiffs' motion at **11:00 a.m. on February 3, 2025**, in Courtroom 21.

**SO ORDERED.**

_____
LOREN L. ALIKHAN
United States District Judge

Date:   January 28, 2025