IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| National Council of Nonprofits, *et al.*, | )<br>)<br>) |
| Plaintiffs, | )<br>) |
| v. | ) Civil Action No. 1:25-cv-239 |
| Office of Management and Budget, *et al.*, | )<br>)<br>) |
| Defendants. | )<br>) |

**DEFENDANTS' RESPONSE TO PLAINTIFFS' PROPOSED TEMPORARY RESTRAINING ORDER**

Plaintiffs in the above-captioned action have filed their proposed temporary restraining order. *See* ECF No. 28. For the reasons discussed in Defendants' filings, *see* ECF Nos. 20 and 26, as well as at the hearing earlier today, Defendants' position is that no relief is appropriate. Indeed, Plaintiffs' proposed order further confirms that their claims are not cognizable.

In particular, Plaintiffs request that Defendants be ordered to "provide written notice of this Order and of the Court's administrative stay to all agencies to which the Memo was addressed and instruct those agencies that they must take no further steps to implement, give effect to, or reinstate under a different name the directive in Memo M-25-13." ECF No. 28 at 1-2. By requiring Defendants provide notice to other agencies, however, Plaintiffs essentially admit that they are challenging those non-defendant agencies' actions, not a final action undertaken by OMB. That highlights the lack of redressability in this case, which is an Article III barrier to providing any relief. *See Lujan v. Defs. of Wildlife*, 504 U.S. 555, 569 & n.4 (1992) (Scalia, J., plurality op.); *see also Haaland v. Brackeen*, 599 U.S. 255, 293 (2023).

1

Moreover, Plaintiffs' proposed order confirms that they are asking this Court to superintend the entire Executive Branch's disbursement of funds. *Cf. id.* at 2 (requesting that Defendants be ordered to instruct agencies not to implement the OMB Memo, and "to release payments on open awards previously frozen in reliance on the Memo"). That is not appropriate relief, and underscores how the entire claim is noncognizable and, if allowed to proceed, would constitute an extraordinary intrusion into the Executive Branch. *See, e.g.*, *Lujan v. Nat'l Wildlife Fed'n*, 497 U.S. 871, 899 (1990) ("respondent cannot demand a general judicial review of the [agency's] day-to-day operations").

Thus, the appropriate course would be to deny relief entirely, because the proposed order only further highlights the Article III and other legal defects in Plaintiffs' claims. To the extent the Court nonetheless enters relief, however, the Court should implement the following limitations.

**1. Limit Relief Only to Specific Awards or Grants Involving Identified Plaintiffs**

It is a bedrock principle of equity that "injunctive relief should be no more burdensome to the defendant than necessary to provide complete relief to the plaintiffs." *Califano v. Yamasaki*, 442 U.S. 682, 702 (1979). Here, Plaintiffs' proposed order extends far beyond any cognizable harm to the individual grant recipients, which would be fully redressed by injunctive relief directed at the specific grant programs and/or awards discussed in Plaintiffs' declarations. Rather than applying to "Federal funds under all open awards," therefore, the Order should expressly apply only to implementation of the OMB Memo with respect to a specified list of grant programs and/or awards, as identified in Plaintiffs' declarations.

**2. Expressly Confirm Relief Does Not Prevent Agencies from Implementing Pauses Pursuant to Executive Orders or Their Own Discretion**

As discussed during this morning's hearing, Plaintiffs agree that they are not seeking to prohibit agencies from complying with funding pauses directed by the President's recent Executive

Orders. Plaintiffs also agree that they are not challenging agency funding pauses implemented pursuant to the agency's own discretion and authorities, rather than as a result of the OMB Memo. *See, e.g.*, ECF No. 24 at 17-18, 25.

Thus, the Court should expressly confirm in the Order that "Nothing in this Order prohibits any agency from complying with a pause in funding directed by an Executive Order, or implementing a pause in funding pursuant to its own authorities independent of the OMB Memo M-25-13." Absent that important limitation, Plaintiffs' requested order could be understood to extend beyond just the challenged action in this case, thus interfering with agencies' ongoing compliance with Executive Orders that are plainly lawful and not challenged in this case. The Court should avoid such a significant intrusion on Article II and the separation of powers.

### 3. Eliminate Instruction to Release Payments

Plaintiffs' proposed order specifically requests that Defendants instruct agencies to "take immediate steps to release payments on open awards previously frozen in reliance on the Memo." ECF No. 28 at 2. That language's focus on a particular outcome—*i.e.*, releasing payments—is especially problematic because it excludes the possibility that there may be some other basis (other than the challenged OMB Memo) for withholding such funds. The Court's Order should not require an instruction to agencies that they must release payment of funds, regardless of any other circumstances or bases for withholding.

### 4. Expressly Limit Relief Only to Defendants

Plaintiffs elected to file this case challenging a single agency action, naming a single agency as a defendant. But Plaintiffs now appear to seek far broader relief against the entire Federal Government, under the guise of asking this Court to order OMB to "instruct" other agencies about their obligations. This Court lacks authority to extend relief to non-party agency

defendants. *See Lujan*, 504 U.S. at 569 n.4 ("We need not linger over the dissent's facially impracticable suggestion . . . that one agency of the Government can acquire the power to direct other agencies . . . in litigation to which the other agencies are not parties."). Whatever relief this Court elects to provide, then, the Court should make clear that the obligations apply only to the named defendant agency—not all federal agencies, as Plaintiffs apparently request.

### 5. Remove References to "Reinstating Under a Different Name"

Plaintiffs request an injunction against, among other things "reinstating under a different name the directive in Memo M-25-13[.]"  That phrase is exceedingly vague, and Defendants do not understand how they could possibly determine whether any particular action by OMB (let alone some other federal agency) is tantamount to "reinstating under a different name the directive in Memo M-25-13."  Thus, Defendants do not believe that phrase complies with Rule 65's requirements, including that every order must "describe in reasonable detail—and not by referring to the complaint or other document—the act or acts restrained or required."  Fed. R. Civ. P. 65(d)(1)(C).  Accordingly, such phrases should be removed from any order that is entered.

### 6. Remove Requirement to Identify Specific Compliance Steps

To the extent the Court directs that OMB inform all agencies about this Court's temporary restraining order and prior administrative stay, Defendants do not have an objection to filing a copy of that notice with the Court.  Beyond that filing, however, Defendants object to being ordered to "inform the Court . . . of the specific steps they have taken to implement this Order and the previously entered administrative stay[.]" ECF No. 28 at 2.  If Defendants file their as-distributed notice with the Court, it is not clear why Plaintiffs also require an additional list of "the specific steps" that have been taken to implement the Order—particularly on a retrospective basis with respect to the administrative stay.  Moreover, such a list of "specific steps" is highly ambiguous, and threatens to intrude on privileged information and other sensitive, internal deliberations within

4

the Executive Branch. Thus, the Court should remove that requirement, particularly in the absence of any demonstrated need or purpose for such a list of "specific steps," and instead should order Defendants only to file a copy of the as-distributed notice.

Dated: February 3, 2025

Respectfully Submitted,

BRETT A. SHUMATE
Acting Assistant Attorney General

ALEXANDER K. HAAS
Director

*/s/   Daniel Schwei*
DANIEL SCHWEI
Special Counsel (N.Y. Bar)
ANDREW F. FREIDAH
EITAN R. SIRKOVICH
Trial Attorneys
United States Department of Justice
Civil Division, Federal Programs Branch
1100 L Street NW
Washington, DC 20530
Tel.:     (202) 305-8693
Fax:     (202) 616-8470
Email:   daniel.s.schwei@usdoj.gov

*Counsel for Defendants*