UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

NATIONAL COUNCIL OF
NONPROFITS, et al.,

*Plaintiffs*,

v.

OFFICE OF MANAGEMENT AND
BUDGET, et al.,

*Defendants*.

Case No. 25-cv-239

# JOINT STATUS REPORT

Pursuant to this Court's Order, Dkt. No. 30, at 30, the parties have met and conferred regarding a preliminary injunction briefing schedule. The parties disagree as to whether this Court should extend the temporary restraining order currently in place under Rule 65(b)(2), which affects the appropriate schedule for preliminary-injunction proceedings.

As set forth further below, Plaintiffs' position is that the Court should extend the temporary restraining order, Plaintiffs should file their motion for a preliminary injunction by February 13; Defendants should oppose by February 19; and Plaintiffs reply by February 21.

Defendants' position is that the Court should not extend the temporary restraining order, Plaintiffs should file their motion for a preliminary injunction by February 7; Defendants should oppose by February 12; and Plaintiffs reply by February 14.

Defendants further request that any deadline for answering the complaint be stayed pending resolution of the preliminary injunction proceedings. Plaintiffs do not oppose. The parties jointly propose that, after this Court has ruled on Plaintiffs' motion for a preliminary injunction, it direct the parties to file a joint status report to set a schedule for further proceedings.

### Plaintiffs' Position

Plaintiffs respectfully request that this Court, "for good cause," Fed. R. Civ. P. 65(b)(2), extend the temporary restraining order for at least seven days, until February 24. This modest extension will ensure that facts are more fully developed before Plaintiffs must file their motion for preliminary injunction, aiding the Court in its decision-making. And the Defendants will suffer no meaningful prejudice from such a limited delay.

Courts have found "good cause" for extending a Rule 65(b) order for a wide variety of practical reasons, including where the defendant's own conduct has created the need for additional time to brief and consider the request for a preliminary injunction. *E.g.*, *Nat'l Urb. League v. Ross*, No. 20-cv-05799, 2020 WL 5578931, at *9 (N.D. Cal. Sept. 17, 2020) ("Defendants' repeated denial of the existence of an administrative record and failure to make any attempt to collect the administrative record over the past month have necessitated delay of the preliminary injunction hearing and extension of the TRO."). In addition, "a showing that the grounds for originally granting the temporary restraining order continue to exist should be sufficient" to extend the order. 11A Wright &

Miller, Fed. Prac. & Proc. Civ. § 2953 (3d ed.); *accord Nat'l Urb. League*, 2020 WL 5578931, at *9.

Filing a motion for preliminary injunction this Friday—only four days after the Court has entered its TRO—will require an unwarranted scramble as Plaintiffs attempt to assess the current facts on the ground, including but not limited to the status of each of their declarants, so that they can balance providing updated and clear-eyed information to this Court with reserving sufficient time to incorporate that information into their legal arguments.

Although this Court's TRO took effect nearly forty-eight hours ago—and a stay was entered before then—the spigot of funding is still not running with full pressure. Several declarants report that they received their funding only yesterday; others report that they are still waiting for the money to hit their accounts, as of this filing. And news reports continue to suggest that the implementation of the stay and temporary restraining order is incomplete. *See, e.g.*, Richelle Wilson, *Half of Wisconsin Head Start programs can't access needed funds after federal freeze*, WPR (Feb. 3, 2025), https://www.wpr.org/news/half-wisconsin-head-start-programs-cant-access-funds-federal-freeze-trump; Ron Wyden, X, https://x.com/RonWyden/status/1886878381729272001 (Feb. 4, 2025 3:43 PM) (describing reports that Head Start programs in Oregon are "still locked out of federal funds"). Understanding the current state of play on the ground (an exercise entirely of Defendants' own making) is relevant to the analysis of both

injury and standing, and to address the appropriate scope of relief Plaintiffs intend to seek.

Meanwhile, "the grounds for originally granting the temporary restraining order continue to exist." Wright & Miller, *supra*. Nothing has changed as to the likelihood of success on the merits. Plaintiffs continue to court irreparable injury should the funding freeze resume (or, in some cases, continue). And the public interest likewise counsels in favor of maintaining the temporary restraining order. Defendants cannot be harmed by being prevented from implementing an arbitrary and capricious agency action for seven more days.

To the extent that the Court disagrees with Plaintiffs' position and declines to extend the temporary restraining order, Plaintiffs do not object to the deadlines proposed by Defendants above.

## Defendants' Position

Defendants respectfully submit that this Court should order Plaintiffs to file their preliminary-injunction motion on Friday, February 7; Defendants' opposition be due Wednesday, February 12; and Plaintiffs' reply be due Friday, February 14. This schedule would allow for Plaintiffs' preliminary-injunction motion to be fully briefed prior to the default expiration of the Court's temporary restraining order 14 days after its issuance, *see* Fed. R. Civ. P. 65(b)(2).

4

This Court's earlier administrative stay (entered on January 28, 2025, *see* ECF No. 13), combined with the 14-day temporary restraining order entered on February 3, 2025, *see* ECF No. 30, will have combined to limit the Executive Branch's funding decisions for at least 20 days. Under Plaintiffs' proposed schedule, briefing on their preliminary-injunction motion would not conclude until the 24th day of the Executive's funding decisions being restricted, with resolution of the motion occurring sometime thereafter. Given that the Court declined Defendants' request to treat the temporary restraining order proceedings as preliminary-injunction proceedings, *see* ECF No. 30 at 29 n.10, Defendants respectfully submit that the Court should expedite the preliminary-injunction proceedings to the greatest extent possible. *Cf. Sampson v. Murray*, 415 U.S. 61, 86-87 & n.58 (1974) (discussing the "strict limitations on the scope of temporary restraining orders," with one of the "most important of these protective provisions" being "the limitation on the time during which such an order can continue to be effective," as well as allowing for appellate review of the preliminary injunction).

Plaintiffs contend that filing on February 7 would require "an unwarranted scramble" for them to assess the current facts. But Plaintiffs have not previously refrained from submitting new and updated factual information with their reply brief, *cf.* ECF No. 30 at 8 n.3, nor do they commit to doing so here. Thus, their proposed reply deadline of February 14 under Defendants' schedule still allows them to reflect "the current state of play on

5

the ground" in their filings if necessary. And although Plaintiffs attribute any factual uncertainties solely to Defendants, that is also an inherent feature of Plaintiffs' choice to bring a broad, programmatic challenge seeking to superintend the entire Federal Government's funding decisions, which is an independent defect in their claims that the Court did not address in its decision on the temporary restraining order and that further underscores the importance of prompt briefing on the preliminary-injunction motion.

Accordingly, Defendants respectfully submit that the Court should not extend its temporary restraining order, and should instead direct Plaintiffs to file their motion for preliminary injunction by February 7; Defendants to file their opposition by February 12; and Plaintiffs to file their reply by February 14. To the extent the Court disagrees with Defendants' position and elects to extend the temporary restraining order, however, Defendants do not object the deadlines proposed by Plaintiffs above.

Dated: February 5, 2025						Respectfully submitted,

/s/ *Jessica Anne Morton*

Jessica Anne Morton (DC Bar No. 1032316)
Kevin E. Friedl* (Admitted only in New York; practice supervised by D.C. Bar members)
Kaitlyn Golden (DC Bar No. 1034214)
Robin F. Thurston (DC Bar No. 1531399)
Skye L. Perryman* (D.C. Bar No. 984573)
Will Bardwell* (D.C. Bar No. 90006120)
Democracy Forward Foundation
P.O. Box 34553
Washington, D.C. 20043
(202) 448-9090
jmorton@democracyforward.org
kfriedl@democracyforward.org
kgolden@democracyforward.org
rthurston@democracyforward.org
sperryman@democracyforward.org
wbardwell@democracyforward.org.

 *admitted *pro hac vice*

*Counsel for Plaintiffs*

BRETT A. SHUMATE
Acting Assistant Attorney General

ALEXANDER K. HAAS
Director

/s/   Daniel Schwei
DANIEL SCHWEI
Special Counsel (N.Y. Bar)
ANDREW F. FREIDAH
EITAN R. SIRKOVICH
Trial Attorneys
United States Department of Justice
Civil Division, Federal Programs Branch
1100 L Street NW
Washington, DC 20530
Tel.:	(202) 305-8693

7

Fax:    (202) 616-8470
Email:   daniel.s.schwei@usdoj.gov

*Counsel for Defendants*

**CERTIFICATE OF SERVICE**

On February 5, 2025, I caused the foregoing to be filed electronically via the Court's CM/ECF system, which provides electronic notice to all counsel of record. I further caused those documents to be served on pro se movant Beatrice Adams at the mailing address she has entered on the record.

Dated: February 5, 2025                    /s/ *Jessica Anne Morton*
                                            Jessica Anne Morton