UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| NATIONAL COUNCIL OF NONPROFITS, et al., <br><br> *Plaintiffs*,ex. <br><br> v. <br><br> OFFICE OF MANAGEMENT AND BUDGET, et al., <br><br> *Defendants*. | Case No. 25-cv-239 |

**PLAINTIFFS' OPPOSITION TO PRO SE MOVANT'S
MOTION TO INTERPLEAD AND REQUEST TO VACATE TRO**

Beatrice Adams, pro se, has filed a motion on behalf of herself and those similarly situated to become involved in this case. Ms. Adams appears to seek to interplead under Federal Rule of Civil Procedure 22; intervention under Rule 24; and vacatur of the temporary restraining order this Court has entered. Because Ms. Adams's interests are not properly before the Court in this case, her motion should be denied.

BACKGROUND

On January 28, Plaintiffs brought this APA action challenging Office of Management and Budget Memo M-25-13 (the "Freeze Order"), which purported to order all federal agencies to freeze the obligation and disbursement of all federal financial assistance. That same day, this Court entered an administrative stay ordering Defendants to refrain from implementing the Freeze Order with respect to the disbursement of federal funds under all open awards. Order at 4–5 (Jan. 28,

1

2025), ECF No. 13.  The next day, Ms. Adams filed her "Notice of Motion to Interplead for the Common Cause and Request to Vacate Temporary Restraining Order (TRO) Issued January 28, 2025."  ECF No. 19.  Ms Adams expresses her concern that child welfare funds "incentivize the removal of children from their families" and their placement into foster care, and believes that those funds should therefore remain frozen.  *Id.* at 2.

On February 3, this Court denied the government's motion to dismiss and entered a temporary restraining order enjoining Defendants from implementing, giving effect to, or reinstating under a different name the directives in the Freeze Order with respect to the disbursement of federal funds under all open awards.  Mem. Op. & Order at 29 (Feb. 3, 2025), ECF No. 30.  As of this filing, briefing on Plaintiffs' motion for a preliminary injunction is ongoing.

## LEGAL STANDARD

"Courts must construe *pro se* filings liberally."  *Richardson* v. *United States*, 193 F.3d 545, 548 (D.C. Cir. 1999).

## ARGUMENT

### I. Interpleader Is Improper

"Interpleader allows a party exposed to multiple claims on a single obligation or property to settle the controversy and satisfy his obligation in one proceeding."  *Commercial Union Ins. Co.* v. *United States*, 999 F.2d 581, 583 (D.C. Cir. 1993).  For example, "[w]here a party in control of contested property, the stakeholder, makes no claim on the property and is willing to release it to the rightful claimant, interpleader

allows him to put the money or other property in dispute into court, withdraw from the proceeding, and leave the claimants to litigate between themselves the ownership of the fund in court." *Id.* (internal quotation marks and citations omitted). Thus, Rule 22 permits interpleader only by a plaintiff or a defendant. Fed. R. Civ. P. 22(a)(1), (2).

Because Ms. Adams is neither a plaintiff nor a defendant here, and because this case does not address a contested property or obligation, interpleader is inapplicable. Although Ms. Adams's motion is titled as one for interpleader, under the liberal pleading standards that attach to pro se filings, this Court should properly interpret it as one for intervention.

## II. Intervention Is Improper

Even when construed as a motion for intervention, however, the motion should be denied. Under Rule 24(a), a party may intervene as of right if they, on a timely motion, "claim[] an interest relating to the property or transaction that is the subject of the action, and [are] so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect [their] interests, unless existing parties adequately represent that interest." Fed. R. Civ. P. 24(a)(2).

Here, Ms. Adams focuses on the propriety of funding foster care as a policy matter—a concern very attenuated from the legal challenge at hand, which addresses whether the Freeze Order was arbitrary and capricious, issued in excess of statutory authority, and was contrary to the First Amendment. Ms. Adams claims that placing

children in foster care violates several laws and regulations.[1]  If she believes that to be the case, she may bring them as separate challenges; there is no reason to combine them with this narrow APA matter.  Moreover, the government has shown itself willing to vigorously defend this lawsuit, and so Ms. Adams's interests, to the extent they fall within the confines of this suit, are adequately represented.

Permissive intervention under Rule 24(b) is likewise unwarranted.  A court may permit intervention on a timely motion if that party "has a claim or defense that shares with the main action a common question of law or fact." Fed. R. Civ. P. 24(b)(1)(B).  The legal authorities on which Ms. Adams relies are quite dissimilar from the APA; there is no common question of law here, nor of fact.  As a result, the relief Ms. Adams requests—vacatur of the TRO, the appointment of a special master, and further oversight into federal child welfare funding—are unwarranted in this matter.

## CONCLUSION

Plaintiffs respectfully request that the Court deny Ms. Adams's motion.[2]

---

[1] Ms. Adams also notes that she has been deprived of contact with her child because she was wrongfully placed into "this scheme." Mot. at 3.  Although Ms. Adams alleges a serious injury, she has not shown that it has any relation to the question of whether federal grant funding continues to flow.  Ms. Adams does allege that "[i]f this funding did not exist, hundreds of thousands of children would be returned home or placed with kinship caregivers," *id.* at 2, but she offers no rationale to plausibly support that speculation.

[2] Plaintiffs understand that, should the Court deny Ms. Adams's motion, they need no longer serve Ms. Adams with subsequent filings.  Plaintiffs respectfully request that the Court offer clarification if that is not the case.

Dated: February 12, 2025      Respectfully submitted,

/s/ *Jessica Anne Morton*

Jessica Anne Morton (DC Bar No. 1032316)
Kevin E. Friedl* (Admitted only in New York; practice supervised by DC Bar members)
Kaitlyn Golden (DC Bar No. 1034214)
Robin F. Thurston (DC Bar No. 1531399)
Skye L. Perryman* (DC Bar No. 984573)
Will Bardwell* (DC Bar No. 90006120)
Democracy Forward Foundation
P.O. Box 34553
Washington, DC 20043
(202) 448-9090
kfriedl@democracyforward.org
jmorton@democracyforward.org
kgolden@democracyforward.org
rthurston@democracyforward.org
sperryman@democracyforward.org
wbardwell@democracyforward.org.

*admitted *pro hac vice*

## CERTIFICATE OF SERVICE

On February 12, 2025, I caused the foregoing and proposed order to be filed electronically via the Court's CM/ECF system, which provides electronic notice to all counsel of record. I further caused those documents to be served on pro se movant Beatrice Adams at the mailing address she has entered on the record.

Dated: February 12, 2025  /s/ *Jessica Anne Morton*
Jessica Anne Morton