# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| National Council of Nonprofits, *et al.*, | |
| *Plaintiffs*, | |
| v. | Civil Action No. 1:25-cv-239 (LLA) |
| Office of Management and Budget, *et al.*, | |
| *Defendants*. | |

## AMERICAN CENTER FOR LAW AND JUSTICE'S CONSENT MOTION FOR LEAVE TO FILE AN AMICUS BRIEF IS SUPPORT OF THE DEFENDANTS

Jordan Sekulow
   (D.C. Bar No. 991680)
Donn Parsons*
   (Ohio Bar No. 87305)
Stuart J. Roth
   (D.C. Bar No. 475937)
Andrew J. Ekonomou*
   (GA Bar No. 242750)
Benjamin P. Sisney
   (D.C. Bar No. 1044721)
Nathan J. Moelker
   (VA Bar No. 98313)
Liam R. Harrell*
   (D.C. Bar No. 1740309)
AMERICAN CENTER FOR LAW & JUSTICE
201 Maryland Ave., NE
Washington, DC 20002
Phone: (202) 641-9163
Fax: (202) 546-9309
Email: bsisney@aclj.org

*Counsel for Amicus Curiae*

*Not Admitted in this court

The American Center for Law and Justice ("ACLJ"), by and through undersigned counsel, respectfully moves the Court pursuant to Fed. R. Civ. P. 7 for leave to file an amicus curiae brief in the above-captioned matter in opposition to the Plaintiffs' Motion for a Preliminary Injunction (ECF No. 8). The ACLJ's proposed amicus brief is attached to this motion. Both the Plaintiffs and the Defendants have consented to the filing of this amicus brief.

This brief is filed in compliance with LCvR 7(o). Ordinarily, amicus briefs in federal district courts are subject to the court's discretion. *See United States v. Gotti*, 755 F. Supp. 1157, 1158 (E.D. N.Y. 1991) ("This court is not aware of any rule or statute that prescribes the procedure for obtaining leave to file an amicus brief in the district court."). Instead, federal district courts possess the inherent authority to accept amicus curiae briefs that will aid the Court. *In re Bayshore Ford Truck Sales, Inc.,* 471 F. 3d 1233, 1249 n. 34 (11th Cir. 2006) ("District courts possess the inherent authority to appoint 'friends of the court' to assist in their proceedings."). A court has "discretion in deciding whether to allow a non-party to participate as an *amicus curiae.*" *Tafas v. Dudas*, 511 F. Supp. 2d 652, 659 (E.D. Va. 2007). The aid of amici curiae has "been allowed at the trial level where they provide helpful analysis of the law, they have a special interest in the subject matter of the suit, or existing counsel is in need of assistance." *Id.* (quoting *Bryant v. Better Bus. Bureau of Greater Md., Inc.*, 923 F. Supp. 720, 728 (D. Md. 1996)).

The ACLJ's Motion for Leave to File an Amicus Brief is timely. This Court's February 6 Minute Order required Defendants to file their opposition to the Plaintiffs' motion for a preliminary injunction on or before February 15, 2025. The ACLJ has filed its motion for leave prior to the deadline for the brief of the party it supports, the Defendants.

Amicus briefs are permitted in district court cases where the amicus possesses "a special interest in the subject matter of the suit." *Bryan*, 923 F. Supp. At 728. Courts have emphasized that

allowing parties to appear as amicus curiae "may be advisable where third parties can contribute to the court's understanding" of the issues in a case. *Id.*; *see Harris v. Pernsley,* 820 F.2d 592, 603 (3d Cir. 1987).

Proposed amicus the ACLJ has "a special interest in the subject matter of the suit." *Tafas*, 511 F. Supp. at 659. The ACLJ is an organization dedicated to the defense of constitutional liberties secured by law, the right to life, and legal principles like separation of powers. Counsel for the ACLJ have presented oral argument, represented parties, and submitted amicus curiae briefs before the Supreme Court of the United States and numerous state and federal courts in cases involving a variety of issues relating to the structure of government. ACLJ attorneys have appeared often before the Supreme Court as counsel for parties, *e.g.*, *Colorado Republican State Central Committee v. Anderson*, U.S. No. 23-696 (2023); *Trump v. Vance*, 591 U.S. 786 (2020); *Trump v. Mazars USA, LLP*, 591 U.S. 848 (2020); *McConnell v. FEC*, 540 U.S. 93 (2003); or as amici, *e.g.*, *Trump v. United States*, 603 U.S. 593 (2024); *Fischer v. United States*, 144 S. Ct. 2176 (2024); *McDonnell v. United States*, 579 U.S. 550 (2016); and *Bush v. Gore*, 531 U.S. 98 (2000). The ACLJ has a fundamental interest in maintaining the integrity of the founders' constitutional design, and here, supporting the separation of powers and the authority of the President to administer the executive branch and execute the laws of the United States. "The principle of separation of powers was not simply an abstract generalization in the minds of the Framers: it was woven into the document that they drafted in Philadelphia in the summer of 1787." *Buckley v. Valeo*, 424 U.S. 1, 124 (1976).

Further, the ACLJ is committed to supporting the sanctity of human life. The ACLJ files this amicus brief in particular support of President Trump's January 24, 2025, executive order entitled Enforcing the Hyde Amendment, Exec. Order 14182, 90 Fed. Reg. 8751 (Jan. 24, 2025).

This executive order requires the government "to end the forced use of taxpayer dollars to fund or promote elective abortion." *Id.* The enforcement of this executive order, along with all others that may affect the implementation of funding, is at issue in this litigation. The ACLJ files this brief to support the enforcement of that executive order and President Trump's commitment to end federal funding for abortion.

For the foregoing reasons, amicus respectfully asks this Court to grant leave to file an amicus curiae brief in opposition to the Plaintiffs' Motion for a Preliminary Injunction.

Dated: February 14, 2025                                                                 Respectfully Submitted,

                                                     Jordan Sekulow
                                                     (D.C. Bar No. 991680)
                                                     Donn Parsons*
                                                     (Ohio Bar No. 87305)
                                                     Stuart J. Roth
                                                     (D.C. Bar No. 475937)
                                                     Andrew J. Ekonomou*
                                                     (GA Bar No. 242750)

                                                     */s/ Benjamin P. Sisney*
                                                     Benjamin P. Sisney
                                                     (D.C. Bar No. 1044721)
                                                     Nathan J. Moelker
                                                     (VA Bar No. 98313)
                                                     Liam R. Harrell*
                                                     (D.C. Bar No. 1740309)
                                                     AMERICAN CENTER FOR LAW & JUSTICE
                                                     201 Maryland Ave., NE
                                                     Washington, DC 20002
                                                     Phone: (202) 641-9163
                                                     Fax: (202) 546-9309
                                                     Email: bsisney@aclj.org

                                                     *Counsel for Amicus Curiae*

                                                     *Not Admitted in this court

## CERTIFICATE OF CONFERRAL

I hereby certify that Counsel for the Amicus has conferred with the parties about the relief sought in this motion. The Defendants have indicated that they consent to this motion. The Plaintiffs have indicated that they consent to this motion.

Dated: February 14, 2025

*/s/ Benjamin P. Sisney*
Benjamin P. Sisney
*Counsel for Amicus Curiae*

## CERTIFICATE OF SERVICE

I hereby certify that on February 14, 2025, I electronically filed a copy of the foregoing Motion for Leave to File an Amicus Curiae Brief using the ECF System which will send notification of that filing to all counsel of record in this litigation.

Dated: February 14, 2025

*/s/ Benjamin P. Sisney*
Benjamin P. Sisney
*Counsel for Amicus Curiae*