# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

NATIONAL COUNCIL OF
NONPROFITS, et al.,

*Plaintiffs*,

v.

OFFICE OF MANAGEMENT AND
BUDGET, et al.,

*Defendants*.

Case No. 25-cv-239

## JOINT STATUS REPORT

Pursuant to this Court's Minute Order of March 3, 2025, the parties have met and conferred regarding next steps in this proceeding. This joint status report first addresses a motion Plaintiffs intend to file seeking to clarify the Court's preliminary injunction; it then addresses the parties' respective positions on other next steps.

First, Plaintiffs intend to file a motion to clarify the preliminary injunction later today, specifically with respect to the scope of the phrase "all open awards." The parties have conferred and agreed to the following proposed briefing schedule: Plaintiffs should file the motion by March 4; Defendants should oppose by March 11; and Plaintiffs should reply by March 13.

The parties disagree as to other next steps.

**Plaintiffs' Position**

Plaintiffs' position is that the case should proceed in the ordinary course. Defendants should file their answer to the complaint by March 11, 2025, as required by the rules of civil procedure. *See* Fed. R. Civ. P. 12(a)(4)(A); Minute Order of Feb. 6, 2025. Defendants suggest that to follow those default rules would require "expedited" proceedings, but Defendants have already received sufficient additional time to prepare their answer as a result of the Court's February 6 minute order staying the answer deadline pending a decision on the preliminary injunction.

Defendants should also proceed to produce the administrative record to Plaintiffs and file with the Court a certified list of the contents of the record. Because Defendants have already filed and the Court resolved a dispositive motion, *see* LCvR 7(n)(1), and because the administrative record in this proceeding does not appear likely to be especially voluminous, Plaintiffs' position is that it would be appropriate for the Court to set a deadline requiring Defendants to produce the administrative record and file the index by March 25.

Setting aside whether producing the administrative record or filing an answer in the ordinary course can properly be characterized as "imminent[]" "merits proceedings," Plaintiffs respectfully suggest that both are relevant to the Court's and the parties' determination of the appropriate next steps in this

case and that no good cause exists for delaying Defendants' compliance with these ordinary obligations.

Plaintiffs' position with respect to other next steps is that the parties should continue to confer and, following Defendants' production of and Plaintiffs' review of the administrative record, propose further next steps to govern this proceeding.

**Defendants' Position**

Aside from the briefing schedule set forth above regarding Plaintiffs' forthcoming motion for clarification, Defendants respectfully request that further deadlines in this matter be postponed for a period of 60 days following entry of the Court's preliminary injunction. That short period is warranted to provide time for the Acting Solicitor General to decide whether to appeal this Court's preliminary injunction, which will be an important factor in Defendants' position on whether further merits proceedings are appropriate or should be stayed pending resolution of any appeal that is authorized. At a minimum, Defendants request that their deadline for responding to Plaintiffs' Complaint be set at April 1, 2025, which is the deadline that would apply in the ordinary course based on Plaintiffs' service of the summons and complaint. *See* ECF No. 32 (reflecting service date of Jan. 31, 2025).

*Request for 60-Day Postponement*

Pursuant to statute and the Federal Rules of Appellate Procedure, the United States is provided 60 days to file a notice of appeal. *See* 28 U.S.C.

3

§ 2107(b) (allowing the United States 60 days to appeal from an adverse order); Fed. R. App. 4(a)(1)(B)(iii). Authorization for the United States to appeal must be determined by the Solicitor General. *See* 28 C.F.R. § 0.20(b). The policy of providing the United States 60 days to file a notice of appeal is longstanding and, according to the Advisory Committee, "well justified" and should not be "rushed." *In re O'Bryan*, 399 F.2d 916, 918 & n.1 (10th Cir. 1968).

Here, the Acting Solicitor General is still evaluating whether to appeal this Court's preliminary injunction. Whether the Department elects to file an appeal will be an important factor in Defendants' views on whether further merits proceedings are appropriate, or whether those proceedings should be stayed pending resolution of any appeal that is filed, as is common in this District. *See, e.g.*, *Univ. of Colorado Health at Mem'l Hosp. v. Burwell*, 233 F. Supp. 3d 69, 88 (D.D.C. 2017) ("Because many of the applicable issues may be resolved by the D.C. Circuit, and because the D.C. Circuit may otherwise provide instruction on the issues here, the Court finds a stay would serve the interests of judicial efficiency."); *Allina Health Servs. v. Sebelius*, 756 F. Supp. 2d 61, 71 (D.D.C. 2010). Defendants are not requesting a full stay at this time, but rather a postponement of any deadlines for a period of 60 days after entry of the Court's preliminary injunction—until April 28, 2025—to allow the Acting Solicitor General to decide in an orderly manner whether to appeal this Court's preliminary injunction.

Plaintiffs have not articulated any need for further merits proceedings to occur imminently. To the contrary, Plaintiffs will continue to have the benefit of this Court's preliminary injunction during this 60-day period while the Department evaluates whether to appeal.

Accordingly, aside from the briefing schedule on Plaintiffs' forthcoming motion to clarify the preliminary injunction, this Court should not establish any other deadlines prior to April 28, 2025. The Court should instead direct the parties to file a joint status report regarding further proceedings on May 5, 2025 (seven days after Defendants' deadline for appeal), or within seven days of the filing of any notice of appeal, whichever is sooner.

*Alternatively, Defendants' Response to the Complaint Due April 1*

To the extent the Court is not inclined to stay merits proceedings for 60 days, Defendants respectfully request, in the alternative, that their next deadline be filing a response to the Complaint on April 1, 2025. That is the date that Defendants' response to the Complaint would be due in the ordinary course, if not for the expedited proceedings that have already occurred. *See* ECF No. 32; Fed. R. Civ. P. 12(a)(2). Although Defendants previously filed a motion to dismiss that was denied, *cf.* Fed. R. Civ. P. 12(a)(4)(A), there is no reason further proceedings in this case must continue in an expedited manner, with Defendants' response to the Complaint being due prior to the 60 days that they would normally be afforded.

Indeed, Defendants have agreed to another round of expedited briefing in connection with Plaintiffs' forthcoming motion for clarification—with Defendants' response due on March 11, 2025—and there is no apparent reason why Defendants should simultaneously be required to respond to the Complaint on that same date. Additionally, Defendants will likely require more than two weeks beyond the March 11 date to confer regarding the contents of any Administrative Record.

Accordingly, Defendants respectfully request, in the alternative, that their deadline for responding to the Complaint be set as April 1, 2025, with further deadlines regarding any Administrative Record governed by the default timing provisions of Local Civil Rule 7(n)(1).

Dated:  March 4, 2025                    Respectfully submitted,

/s/ *Jessica Anne Morton*

Jessica Anne Morton (DC Bar No. 1032316)
Kevin E. Friedl* (Admitted only in New York; practice supervised by D.C. Bar members)
Kaitlyn Golden (DC Bar No. 1034214)
Robin F. Thurston (DC Bar No. 1531399)
Skye L. Perryman* (D.C. Bar No. 984573)
Will Bardwell* (D.C. Bar No. 90006120)
Democracy Forward Foundation
P.O. Box 34553
Washington, D.C. 20043
(202) 448-9090
jmorton@democracyforward.org
kfriedl@democracyforward.org
kgolden@democracyforward.org
rthurston@democracyforward.org
sperryman@democracyforward.org
wbardwell@democracyforward.org.

 *admitted *pro hac vice*


YAAKOV M. ROTH
Acting Assistant Attorney General

ALEXANDER K. HAAS
Director

/s/  *Daniel Schwei*
DANIEL SCHWEI
Special Counsel (N.Y. Bar)
ANDREW F. FREIDAH
EITAN R. SIRKOVICH
Trial Attorneys
United States Department of Justice
Civil Division, Federal Programs Branch
1100 L Street NW
Washington, DC 20530
Tel.:      (202) 305-8693
Fax:      (202) 616-8470

Email:   daniel.s.schwei@usdoj.gov

*Counsel for Defendants*