UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

NATIONAL COUNCIL OF
NONPROFITS, *et al.*,

    *Plaintiffs*,

v.

OFFICE OF MANAGEMENT AND
BUDGET, *et al.*,

    *Defendants*.

Civil Action No. 25-239 (LLA)

## ORDER

    This matter is before the court on Plaintiff's Motion to Clarify the Scope of the Preliminary Injunction. ECF No. 56. For the reasons explained below, the court denies the motion.

    Plaintiffs filed this action on January 28, 2025 and simultaneously sought a temporary restraining order to prevent Defendants from implementing the Office of Management and Budget's "Memorandum M-25-13." ECF Nos. 1, 5. Later that day, the court entered a brief administrative stay until February 3. ECF No. 13. Following briefing and argument, the court entered a temporary restraining order ("TRO") on February 3. The TRO enjoined Defendants "from implementing, giving effect to, or reinstating under a different name the directives in OMB Memorandum M-25-13 with respect to the disbursement of Federal funds under all open awards." ECF No. 30, at 29. The court also required Defendants to "provide written notice of the court's [TRO] to all agencies to which OMB Memorandum M-25-13 was addressed" informing them of the TRO and "instruct[ing] those agencies to release any disbursements on open awards that were paused due to OMB Memorandum M-25-13." *Id.*

On February 5, Defendants filed a status report and attached the written notice they had sent to the agencies. In it, Defendants informed the agencies that "open awards" meant "all forms of Federal financial assistance within the scope of OMB Memorandum M-25-13 'that have already been approved and partially disbursed.'" ECF No. 39-1, at 1. Plaintiffs did not object to the language in the notice.

Between February 11 and 18, the parties briefed Plaintiffs' preliminary injunction motion while the TRO remained in effect. ECF Nos. 40, 47, 49. On February 20, the court held a hearing on the preliminary injunction motion during which Plaintiffs represented that they were seeking relief "within the bounds originally described at the TRO stage . . . for open awards." Tr. of Prelim. Inj. Hr'g, at 19:12-14, *Nat'l Council of Nonprofits v. Off. of Mgmt. & Budget*, No. 25-CV-239 (Feb. 20, 2025).

On February 25, the court granted Plaintiffs' motion and entered a preliminary injunction. ECF Nos. 51, 52. The injunction prohibited Defendants "from implementing, giving effect to, or reinstating under a different name the unilateral, non-individualized directives in OMB Memorandum M-25-13 with respect to the disbursement of Federal funds under all open awards." ECF No. 52, at 1. As was the case with the TRO order, the court instructed Defendants to notify affected agencies about the scope of the preliminary injunction. *Id.*

On February 27, Defendants filed a status report containing a new notice. ECF No. 54. The notice again defined "open awards" as "all forms of Federal financial assistance within the scope of OMB Memorandum M-25-13 'that have already been approved and partially disbursed.'" ECF No. 54-1, at 1. Again, Plaintiffs did not object to the language in the notice.

On March 4, Plaintiffs filed this motion to clarify the scope of the preliminary injunction. They argue that Defendants' "cramped interpretation" of "open awards" resulted in the Department

of Housing and Urban Development's ("HUD") withholding of $3.6 billion in Continuum of Care grants that had been awarded on January 17 but have not yet been disbursed. ECF No. 56, at 1-2, 6-7.[1] Plaintiffs ask the court to "clarify that the preliminary injunction's directives regarding 'all open awards' applies to all awards that have been *awarded*—i.e., [where] the recipient has been notified of the decision to award the grant, loan, or other financial assistance or the award has otherwise been made public," and not just those that have been both awarded *and* partially disbursed. *Id.* at 2.

Defendants oppose the motion, arguing that the court's order only applies to open awards that have been "partially disbursed" and that Plaintiffs did not take issue with the Defendants' characterization of the order in its notices. ECF No. 57, at 8-10. Defendants also argue that Plaintiffs improperly seek to expand the court's preliminary injunction to include the "obligation," rather than just the "disbursement," of open awards. *Id.* at 10-14. Finally, Defendants assert that Plaintiffs fail to point to any tangible evidence of harm in the absence of the requested clarification. *Id.* at 14-17.

While the court does not expressly endorse Defendants' narrow reading of the TRO and the preliminary injunction, it acknowledges that Defendants and various government agencies have been operating under Defendants' interpretation of "open awards" since early February. Plaintiffs had multiple opportunities to dispute Defendants' characterization but did not do so until

---

[1] Plaintiffs explain that, once HUD announces Continuum of Care grants on its website, "individual award letters" to the recipients usually follow "within a few weeks." ECF No. 56, at 7 n.4. It does not appear that those letters were ever issued, but Plaintiffs characterize their issuance as a "purely . . . ministerial task that does not move these awarded grants outside the category of 'all open awards.'" *Id.*; *see* ECF No. 58-3. Defendants vehemently contest this characterization and instead argue that "after a Continuum of Care grant is awarded, there is a significant and potentially lengthy administrative process prior to the grant agreement being signed and the funds being obligated to the recipient." ECF No. 57, at 12.

3

the present motion. Specifically, Defendants publicized their interpretation in two court filings, the first of which was filed on February 5 in response to the TRO. Despite having full knowledge of how Defendants were defining "open awards" following the TRO, Plaintiffs did not seek to expand the scope of the TRO during the preliminary injunction proceedings. Nor did they raise an objection to Defendant's second notice, filed on February 27, which contained the same interpretation.

Plaintiffs represent that they only "recently bec[a]me aware" that HUD was not disbursing the Continuum of Care grant funds, ECF No. 56-1 ¶ 4, but that has been the state of affairs since January 17, *id.* ¶¶ 6; ECF No. 58-1 ¶ 4; ECF No. 58-2 ¶ 6. Because individual award letters can take between "two to three weeks" to issue, ECF No. 58-3 ¶ 6, the lack of disbursements from HUD would have been conspicuous by early February. Even so, Plaintiffs did not raise any issue with Defendants' notices or address the matter at the preliminary injunction hearing. Given Plaintiffs' failure to object to Defendants' characterization of "open awards" until now, the court declines to revisit the scope of the preliminary injunction. Accordingly, it is hereby

**ORDERED** that Plaintiffs' Motion to Clarify the Scope of the Preliminary Injunction, ECF No. 56, is **DENIED**.

**SO ORDERED.**

_____
LOREN L. ALIKHAN
United States District Judge

Date:   March 14, 2025

4