IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| National Council of Nonprofits, *et al.*, ) <br> ) <br> Plaintiffs, ) <br> ) <br> v. ) <br> ) <br> Office of Management and Budget, *et al.*, ) <br> ) <br> Defendants. ) | Civil Action No. 1:25-cv-239 |

## ANSWER

Defendants—the Office of Management and Budget ("OMB") and Russell Vought, in his official capacity as Director of OMB[1]—hereby answer Plaintiffs' Complaint, ECF No. 1.

Plaintiffs' Complaint begins with four unnumbered paragraphs. Defendants respond to the unnumbered paragraphs as follows:

First unnumbered paragraph (pg. 1): Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations contained in the first sentence of this paragraph, except that Defendants admit that, on January 27, 2025, then-Acting Director of OMB Matthew J. Vaeth issued OMB Memorandum M-25-13, *Temporary Pause of Agency Grant, Loan, and Other Financial Assistance Programs* (Jan. 27, 2025) (the "OMB Memo"). The remaining allegations in this paragraph consist of Plaintiffs' characterization of the OMB Memo, to which no response is required; but to the extent a response is deemed necessary, Defendants respectfully refer the Court to the cited memorandum for a complete and accurate statement of its contents and deny any characterization inconsistent therewith.

---

[1] Pursuant to Federal Rule of Civil Procedure 25(d), Director of OMB Russell Vought is substituted in his official capacity in this case.

Second unnumbered paragraph (pg. 1): The allegations in this paragraph include legal argument and conclusions, to which no response is required; but to the extent a response is deemed necessary, Defendants deny such allegations. Defendants deny any remaining allegations in this paragraph.

Third unnumbered paragraph (pg. 2): The allegations in this paragraph consist of legal argument and conclusions, to which no response is required; but to the extent a response is deemed necessary, Defendants deny Plaintiffs' allegations.

Fourth unnumbered paragraph (pg. 2): The allegations in this paragraph consist of Plaintiffs' characterization of this lawsuit and their request for a temporary restraining order as well as legal conclusion, to which no response is required. To the extent a response is deemed required, Defendants deny Plaintiffs' allegations and deny that Plaintiffs are entitled to a temporary restraining order or to any other relief in this action.

The remainder of the Complaint contains numbered paragraphs. Defendants answer the numbered paragraphs, using the same numbering as in the Complaint, as follows:

1.  Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 1.

2.  Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 2.

3.  Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 3.

4.  Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 4.

5. Defendants admit the allegations in the second sentence of Paragraph 5. The remaining allegations in this paragraph consist of legal conclusions, to which no response is required; but to the extent a response is deemed necessary, Defendants respectfully refer the Court to the cited materials for a complete and accurate statement of their contents and deny any characterization inconsistent therewith.

6. Defendants admit the allegations in the first sentence of Paragraph 6 to the extent that Matthew Vaeth was the Acting Director of OMB at the time Plaintiffs' Complaint was filed. Russell Vought is currently the Director of OMB. The allegations in the second sentence of this paragraph consist of Plaintiffs' characterization of this lawsuit, to which no response is required; but to the extent a response is deemed necessary, Defendants admit that the Director of OMB is sued in his official capacity, but deny that any relief against the Director of OMB is appropriate.

7. The allegations in Paragraph 7 consist of legal conclusions regarding jurisdiction, to which no response is required; but to the extent a response is deemed necessary, Defendants deny Plaintiffs' allegations.

8. The allegations in Paragraph 8 consist of legal conclusions regarding venue, to which no response is required; but to the extent a response is deemed necessary, Defendants admit that OMB is headquartered in Washington, D.C. but otherwise deny Plaintiffs' allegations.

9. The allegations in Paragraph 9 consist of Plaintiffs' characterization of statutes, to which no response is required; but to the extent a response is deemed necessary, Defendants respectfully refer the Court to the cited statutes for a complete and accurate statement of their contents and deny any characterization inconsistent therewith.

10. Defendants admit that, on February 1, 2013, OMB published a notice of proposed guidance, entitled "Reform of Federal Policies Relating to Grants and Cooperative Agreements;

Cost Principles and Administrative Requirements (Including Single Audit Act)." *See* 78 Fed. Reg. 7282 (Feb. 1, 2013). Defendants respectfully refer the Court to that notice of proposed guidance (or any other material Plaintiffs may be referring to in this paragraph) for a full and accurate statement of its contents, and deny any characterization inconsistent therewith.

      11.     Defendants admit that, on December 19, 2014, OMB published a joint interim final rule, entitled "Federal Awarding Agency Regulatory Implementation of Office of Management and Budget's Uniform Administrative Requirements, Cost Principles, and Audit Requirements for Federal Awards." *See* 79 Fed. Reg. 75871 (Dec. 19, 2014). Defendants respectfully refer the Court to that joint interim final rule (or any other material Plaintiffs may be referring to in this paragraph) for a full and accurate statement of its contents, and deny any characterization inconsistent therewith.

      12.     The allegations in Paragraph 12 consist of Plaintiffs' characterization of a regulation, to which no response is required; but to the extent a response is deemed necessary, Defendants respectfully refer the Court to the cited regulation for a complete and accurate statement of its contents and deny any characterization inconsistent therewith.

      13.     Admitted.

      14.     Admitted.

      15.     The allegations in Paragraph 15 consist of Plaintiffs' characterization of the OMB Memo, to which no response is required; but to the extent a response is deemed necessary, Defendants respectfully refer the Court to the cited memorandum for a complete and accurate statement of its contents and deny any characterization inconsistent therewith.

      16.     The allegations in Paragraph 16 consist of Plaintiffs' characterization of the OMB Memo, to which no response is required; but to the extent a response is deemed necessary,

Defendants respectfully refer the Court to the cited memorandum for a complete and accurate statement of its contents and deny any characterization inconsistent therewith.

17.     The allegations in Paragraph 17 consist of Plaintiffs' characterization of the OMB Memo, to which no response is required; but to the extent a response is deemed necessary, Defendants respectfully refer the Court to the cited memorandum for a complete and accurate statement of its contents and deny any characterization inconsistent therewith.

18.     The allegations in Paragraph 18 consist of Plaintiffs' characterization of a regulation, to which no response is required; but to the extent a response is deemed necessary, Defendants respectfully refer the Court to the cited regulation for a complete and accurate statement of its contents and deny any characterization inconsistent therewith.

19.     The allegations in Paragraph 19 consist of Plaintiffs' characterization of the OMB Memo, to which no response is required; but to the extent a response is deemed necessary, Defendants respectfully refer the Court to the cited memorandum for a complete and accurate statement of its contents and deny any characterization inconsistent therewith.

20.     Defendants admit the allegations in the second sentence of Paragraph 20, to the extent that a "notice of funding opportunity" is a formal announcement of the availability of Federal funding through a financial assistance program from a Federal agency.  *See* 2 C.F.R. § 200.1.  The remaining allegations in Paragraph 20 consist of Plaintiffs' characterization of the OMB Memo, to which no response is required; but to the extent a response is deemed necessary, Defendants respectfully refer the Court to the cited memorandum for a complete and accurate statement of its contents and deny any characterization inconsistent therewith.

21.     The allegations in Paragraph 21 consist of Plaintiffs' characterization of the OMB Memo, to which no response is required; but to the extent a response is deemed necessary,

Defendants respectfully refer the Court to the cited memorandum for a complete and accurate statement of its contents and deny any characterization inconsistent therewith.

22. The allegations in Paragraph 22 consist of Plaintiffs' characterization of the OMB Memo, to which no response is required; but to the extent a response is deemed necessary, Defendants respectfully refer the Court to the cited memorandum for a complete and accurate statement of its contents and deny any characterization inconsistent therewith.

23. The allegations in Paragraph 23 consist of Plaintiffs' characterization of the OMB Memo, to which no response is required; but to the extent a response is deemed necessary, Defendants respectfully refer the Court to the cited memorandum for a complete and accurate statement of its contents and deny any characterization inconsistent therewith.

24. The allegations in Paragraph 24 consist of Plaintiffs' characterization of the OMB Memo and six Executive Orders, to which no response is required; but to the extent a response is deemed necessary, Defendants respectfully refer the Court to the cited materials for a complete and accurate statement of their contents and deny any characterization inconsistent therewith.

25. The allegations in Paragraph 25 consist of Plaintiffs' characterization of the OMB Memo, to which no response is required; but to the extent a response is deemed necessary, Defendants respectfully refer the Court to the cited memorandum for a complete and accurate statement of its contents and deny any characterization inconsistent therewith.

26. The allegations in Paragraph 26 consist of Plaintiffs' characterization of a statute, to which no response is required; but to the extent a response is deemed necessary, Defendants respectfully refer the Court to the cited statute for a complete and accurate statement of its contents and deny any characterization inconsistent therewith.

27. The allegations in Paragraph 27 consist of legal conclusions, to which no response is required; but to the extent a response is deemed necessary Defendants respectfully refer the Court to the cited material for a complete and accurate statement of its contents and deny any characterization inconsistent therewith.

28. The allegations in Paragraph 28 consist of legal argument and conclusions, to which no response is required; but to the extent a response is deemed necessary, Defendants deny Plaintiffs' allegations.

29. The allegations in Paragraph 29 consist of legal argument and conclusions, to which no response is required; but to the extent a response is deemed necessary, Defendants deny Plaintiffs' allegations.

30. The allegations in Paragraph 30 consist of legal argument and conclusions, to which no response is required; but to the extent a response is deemed necessary, Defendants deny Plaintiffs' allegations.

31. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 31.

32. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 32.

33. Defendants deny the allegations in the final sentence of Paragraph 33. Defendants lack knowledge or information sufficient to form a belief about the truth of the remaining allegations contained in this paragraph.

34. Denied.

35. Denied.

36. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations contained in the first sentence of Paragraph 36. The allegations in the second sentence of Paragraph 36 consist of Plaintiffs' characterization of the OMB Memo, to which no response is required; but to the extent a response is deemed necessary, Defendants respectfully refer the Court to the cited memorandum for a complete and accurate statement of its contents and deny any characterization inconsistent therewith.

37. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 37.

38. Defendants deny the allegations in the first and third sentence of Paragraph 38. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations contained in the second sentence of Paragraph 38.

39. Defendants deny the allegations in the third sentence of Paragraph 39. Defendants lack knowledge or information sufficient to form a belief about the truth of the remaining allegations contained in this paragraph.

40. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 40.

41. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 41.

42. Denied.

43. Defendants incorporate by reference their responses to Paragraphs 1 through 42 of the Complaint, as if fully set forth herein.

44. The allegations in Paragraph 44 consist of Plaintiffs' characterization of a statute, to which no response is required; but to the extent a response is deemed necessary, Defendants

respectfully refer the Court to the cited statute for a complete and accurate statement of its contents and deny any characterization inconsistent therewith.

45. The allegations in Paragraph 45 consist of legal argument and conclusions, to which no response is required; but to the extent a response is deemed necessary, Defendants deny Plaintiffs' allegations.

46. The allegations in Paragraph 46 consist of legal argument and conclusions, to which no response is required; but to the extent a response is deemed necessary, Defendants deny Plaintiffs' allegations.

47. The allegations in Paragraph 47 consist of legal argument and conclusions, to which no response is required; but to the extent a response is deemed necessary, Defendants deny Plaintiffs' allegations.

48. The allegations in Paragraph 48 consist of legal argument and conclusions, to which no response is required; but to the extent a response is deemed necessary, Defendants deny Plaintiffs' allegations.

49. Defendants incorporate by reference their responses to Paragraphs 1 through 48 of the Complaint, as if fully set forth herein.

50. The allegations in Paragraph 50 consist of Plaintiffs' characterization of a statute, to which no response is required; but to the extent a response is deemed necessary, Defendants respectfully refer the Court to the cited statute for a complete and accurate statement of its contents and deny any characterization inconsistent therewith.

51. The allegations in Paragraph 51 consist of Plaintiffs' characterization of the OMB Memo, to which no response is required; but to the extent a response is deemed necessary,

Defendants respectfully refer the Court to the cited memorandum for a complete and accurate statement of its contents and deny any characterization inconsistent therewith.

52. The allegations in Paragraph 52 consist of Plaintiffs' characterization of the OMB Memo, to which no response is required; but to the extent a response is deemed necessary, Defendants respectfully refer the Court to the cited memorandum for a complete and accurate statement of its contents and deny any characterization inconsistent therewith.

53. The allegations in Paragraph 53 consist of legal argument and conclusions, to which no response is required; but to the extent a response is deemed necessary, Defendants deny Plaintiffs' allegations.

54. The allegations in Paragraph 54 consist of legal argument and conclusions, to which no response is required; but to the extent a response is deemed necessary, Defendants deny Plaintiffs' allegations.

55. The allegations in Paragraph 55 consist of legal argument and conclusions, to which no response is required; but to the extent a response is deemed necessary, Defendants deny Plaintiffs' allegations.

56. Defendants incorporate by reference their responses to Paragraphs 1 through 55 of the Complaint, as if fully set forth herein.

57. The allegations in Paragraph 57 consist of Plaintiffs' characterization of a statute, to which no response is required; but to the extent a response is deemed necessary, Defendants respectfully refer the Court to the cited statute for a complete and accurate statement of its contents and deny any characterization inconsistent therewith.

58. The allegations in Paragraph 58 consist of Plaintiffs' characterization of a statute, to which no response is required; but to the extent a response is deemed necessary, Defendants

respectfully refer the Court to the cited statute for a complete and accurate statement of its contents and deny any characterization inconsistent therewith.

59. The allegations in Paragraph 59 consist of Plaintiffs' characterization of a regulation, to which no response is required; but to the extent a response is deemed necessary, Defendants respectfully refer the Court to the cited regulation for a complete and accurate statement of its contents and deny any characterization inconsistent therewith.

60. The allegations in Paragraph 60 consist of legal argument and conclusions, to which no response is required; but to the extent a response is deemed necessary, Defendants deny Plaintiffs' allegations.

61. The allegations in Paragraph 61 consist of legal argument and conclusions, to which no response is required; but to the extent a response is deemed necessary, Defendants deny Plaintiffs' allegations.

The remaining allegations in Plaintiffs' Complaint constitute a prayer for relief to which no response is required. To the extent a response is deemed required, Defendants deny that Plaintiffs are entitled to the relief requested, or to any relief whatsoever.

Defendants hereby deny all allegations in Plaintiffs' Complaint not expressly admitted or denied. Defendants respectfully reserve the right to amend, alter, and supplement the responses and defenses contained in this Answer as the facts and circumstances giving rise to the Complaint become known to Defendants throughout the course of the litigation.

## **DEFENSES**

1. This Court lacks subject-matter jurisdiction over Plaintiffs' claims.

2. The Complaint fails to state a claim upon which relief can be granted.

3. To the extent Plaintiffs seek to compel continued disbursement of federal funds, such relief is barred by sovereign immunity and is not available under the Administrative Procedure Act.


Dated: April 14, 2025

Respectfully Submitted,

YAAKOV M. ROTH
Acting Assistant Attorney General

ALEXANDER K. HAAS
Director

DANIEL SCHWEI
Special Counsel

*/s/   Andrew F. Freidah*
ANDREW F. FREIDAH
EITAN R. SIRKOVICH
Trial Attorneys
United States Department of Justice
Civil Division, Federal Programs Branch
1100 L Street NW
Washington, DC 20530
Tel.:      (202) 305-0879
Fax:      (202) 616-8470
Email:    andrew.f.freidah@usdoj.gov

*Counsel for Defendants*